The opinion of the Court was delivered by
Fexner, J.
The plaintiff was assessed in the year 1879, for taxes to be paid in 1830, as follows: Real estate, $50,000; capital stock, $67,100.
The last item was reached by deducting from the total capital stock of the Company, at its market value, the assessed value of its real estate, in accordance with the provision's of Act No. 9 of 1878.
The correctness of the valuations, and processes by which the result isreached, is not disputed; but plaintiff claims that the assessment of capital stock should be cancelled-and erased from the rolls, because its whole capital, resulting from the payment of its stock, had been invested in the real estate, machinery, etc., taxed under the heading of real estate, and that it possessed no other capital or property of any kind.
The question presented is whether a corporation is liable to assessment for the excess of .the market value of its stock over and above the value of its tangible property.
The question seems no longer open for discussion. It has been exhaustively considered and settled in the affirmative by several decisions of this Court. N. O. Gas Light Co. case, 31 A. 475; St. Charles St. R. R. case, id. 852; N. O. & Carr. R. R. ease, 32 A. 20.
The fact that the corporations concerned in those cases possessed certain valuable franchises, which, no doubt, contributed to the value of their stock, does not affect the case. It is of no consequence what gives the actual value which the stock has. It suffices that the stock has value, and that the value is actual and ascertainable, as evidenced by the sales on the market.
The laws, under which the assessment was made, contemplate the assessmentand taxation of “ all investments and values.” Act 8 of 1878, Sec. 1. '
Under this heading the shares of corporations unquestionably fall, and they are proper subjects of taxation.
Act No. 9 of 1878, prescribes specifically the mode in which these “ investments or values ” are to be estimated and assessed, to-wit: by estimating the entire stock of the corporation at its market value, and then deducting therefrom the value of its tangible property otherwise assessed. The surplus constitutes an assessable “value,” liable to taxation, and which it is not pretended is otherwise assessed or taxed. *620 These constitute the principles settled, after much controversy, by the cases referred to.
It is desirable that rules for assessing property and values, upon which depend the public revenues and the financial administration, should bo stable, and, when once settled by decisions of the highest Court, they should not be lightly disturbed.
Judgment affirmed at appellant’s cost.
Levy, J., absent.